Imran F. Vakil, Esq. (Bar No. 248859)
    ivakil@nexiolaw.com
Angelo Mishriki, Esq. (Bar No. 305069)
    amishriki@nexiolaw.com
**NEXIO, PC**
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone:     (949) 478-6830
Facsimile: (949) 478-1275
*Attorneys for Plaintiff,*
*Live Face On Web, LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE FACE ON WEB, LLC,<br>a Pennsylvania limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>ROBERT CATRON; and DOES 1-10 INCLUSIVE,<br><br>     Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Live Face on Web, LLC ("LFOW"), by and through its attorneys of record, complains against Robert Catron d/b/a Sierra Dental and Orthodontics ("Catron"), and DOES 1-10 inclusive ("DOES") (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. As set forth herein, Defendants have used and distributed LFOW's software and/or infringing derivative works thereof on the website located at www.sierradentalandorthodontics.com (the "Defendants' website(s)" or "www.sierradentalandorthodontics.com"), which are the subject of U.S. Copyright Registrations. Upon information and belief, Catron and Defendants collectively own and operate Defendants' website(s).

3. This Court has personal jurisdiction over Catron because it has conducted business in and continues to conduct business in this District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their continuous and systematic contacts with the State of California and this District.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## PARTIES

5. Plaintiff LFOW is a limited liability company incorporated and existing under the laws of Pennsylvania, with its principal place of business 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

6. Defendant Catron is an individual doing business as "Sierra Dental and Orthodontics," as identified in El Dorado County Business License No. 34320 and California Dental Board Fictitious Name Permit No. 2504, with a principal place of business at 3350 Coach Lane, Cameron Park, CA 95682. On information and belief, Catron is an operator of the www.sierradentalandorthodontics.com website(s).

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS
### Plaintiff's Business and Copyrighted Technology

8. LFOW is a software company specializing in borderless video technology. LFOW is the developer and owner of "live person" software, which is an original work of authorship independently created by LFOW ("LFOW Software").

9. The LFOW Software allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a web spokesperson for the specific company for whom the video has been created. Typically, the web spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Software is representative of LFOW's advertising idea: LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific goods and services found on the associated website.

10. The LFOW Software enables a company to customize and dynamically modify settings and functionality of the web spokesperson. By way of example, a customer

utilizing the LFOW Software can: (a) manipulate the positioning of the web spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the web spokesperson's presentation; (c) select the number of times a video presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

11.  The LFOW Software seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific goods and services.  This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

12.  Generally speaking, the LFOW Software can be implemented by LFOW's customers by modifying the HTML code of the LFOW customer's website.  An HMTL script tag is embedded in the HTML code of the LFOW customer's website, which links the LFOW customer's website to a copy of the LFOW Software.  An LFOW customer has the option of storing the copy of the LFOW Software on the same webserver(s) as the customer's website, or storing the copy of the LFOW Software on a different webserver(s) than the website.  Many of LFOW's customers choose to have the copy of the LFOW Software stored on LFOW's webservers.

13.  Regardless of the particular webserver(s) where the LFOW Software is stored, the functionality and result is the same.  When a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software.  The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory).  As a result of the distribution of the LFOW Software, the specific web spokesperson video is automatically launched and displayed to advertise on the associated website.

14. The LFOW Software is licensed to customers for a license fee by LFOW, which also receives fees for other services.

15. The LFOW Software is also subject to the terms and conditions of LFOW's End User License Agreement ("EULA"). Since at least October 2007, LFOW has included the web address where the EULA can be found, thus anyone who accessed any version of the LFOW Software since that time had notice of the EULA.

16. LFOW has registered the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software version 7.0.0, prior to the publication of version 7.0.0, in the United States Copyright Office, as evidenced by the certificate of registration for TXu001610441, which was issued by the Register of Copyrights. A true and correct copy of the certificate of registration is attached hereto as **Exhibit A**, and a true and correct copy of the deposit work for TXu001610441 is attached hereto as **Exhibit A1**.

## Defendant's Copyright Infringement

17. Defendants own, and/or operate and/or control the www.sierradentalandorthodontics.com website(s). A copy of the HTML source code for the Defendants' website(s) is found at **Exhibit B**.

18. Defendants' website(s) advertises and promotes the products and/or services of Defendants.

19. Upon information and belief, Defendants have used a web spokesperson video to promote Defendants' products and/or services.

20. Upon information and belief, in order to display the web spokesperson video on Defendants' website(s), Defendants used and distributed, without permission, and therefore infringed upon, the infringing version of the LFOW Software.

21. Upon information and belief, Defendants have the right and ability to modify their own website or to have their website modified on Defendants' behalf.

22. Upon information and belief, Defendants copied and stored an infringing version of the LFOW Software on the webserver(s) for www.sierradentalandorthodontics.com.

23. Upon information and belief, in order to implement and distribute the infringing version of the LFOW Software, Defendants' website(s) was modified by or on behalf of Defendants to include the following website source code and/or text, shown in **Exhibit C**: http://sierradentalandorthodontics.com/walkon/new_player.js.

24. As a result of the modification to the Defendants' website(s) referenced above, when a web browser retrieves a page from the Defendants' website(s), a copy of the infringing version of the LFOW Software is distributed by Defendants to the website visitor and stored on the visitor's computer in cache, memory and/or its hard drive. Accordingly, each visit to the Defendants' website(s) is a new act of copyright infringement.

25. The infringing version of the LFOW Software, shown at Exhibit C is substantially similar to the LFOW Software, and includes one or more instances of "LFOW," which is a reference to LFOW.  The infringing version of the LFOW Software also includes the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code.  There is no functional value to the use of the letters "LFOW" or "lf_" in the LFOW Software.  Instead, these were both chosen as references to LFOW and its code.

26. The web spokesperson video that launches on Defendants' website(s) is a result of Defendants' distribution of the infringing version of the LFOW Software, which advertises and promotes the products and/or services of Defendants, encouraging the website viewer to purchase and/or use Defendants' products and/or services, thereby providing a monetary benefit to Defendants.  Thus, Defendants' copyright infringement of the LFOW Software is in their advertising, and the infringement is for the purpose of advertising their products and/or services.

27. Defendants intend for a copy of the infringing version of the LFOW Software

to be distributed to website visitors in their advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing version of the LFOW Software by Defendants to their website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson advertising Defendants' products and/or services by virtue of receiving the copy of the infringing version of the LFOW Software.

28. Defendants profit directly from and have a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allows Defendants to more effectively promote and sell their products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendants.

29. The infringing version of the LFOW Software is a sales and advertising tool for Defendants to generate revenues and profits and, upon information and belief, the use and misuse of the infringing version of the LFOW Software by Defendants did in fact generate revenues and profits for Defendants, as more fully described below.

30. Defendants unlawfully and continuously used the infringing version of the LFOW Software on unauthorized Web Page(s), for which Defendants did not pay applicable license fees and video production fees to LFOW.

31. The unlawful use, reproduction and/or distribution of the infringing version of the LFOW Software on the Defendants' website(s) constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

32. As the owner of registered copyright material in the LFOW Software, LFOW has an interest in protecting its rights against such intellectual property infringement.

33. As a result of foregoing conduct of Defendants, LFOW has suffered significant harm and loss.

34. Upon information and belief, Defendants actively induced end users to visit their website(s), and thereafter distributed the infringing version of the LFOW Software to

end users (e.g. website visitors) numerous times.  The actual number can only be ascertained through discovery.

35. Defendants have caused, enabled, facilitated, and/or materially contributed to the infringement by, inter alia, distributing copies of the accused software to each visitor via the Defendants' website(s)(s) and refused to exercise their ability to stop the infringement made possible by the modification and continuous operation of their website(s).

36. As the owner of the registered copyright in the LFOW Software, LFOW has an interest in protecting its rights against such copyright infringement.

37. Under the authority of 17 U.S.C. § 504, LFOW is entitled to elect whether to recover statutory damages against Defendants for each act of copyright infringement.

## FIRST CLAIM FOR RELIEF

(**Copyright Infringement, 17 U.S.C. § 501 Against all Defendants**)

38. Plaintiff LFOW incorporates here by reference the allegations in the preceding paragraphs above, as set forth fully herein.

39. This claim arises under 17 U.S.C. § 501 for direct, indirect and/or vicarious infringement of registered copyright(s) as against the Defendants named in this Complaint.

40. LFOW is the owner of all rights, title and interest in valid copyright registration TXu001610441, which substantially consists of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws of the United States governing copyrights to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

41. The infringing version of the LFOW Software used and distributed by Defendants is at least substantially similar to the LFOW Software protected by TXu001610441.

42. Defendants, through their agent(s), vendor(s), officer(s), and/or employee(s),

modified Defendants' website(s) to cause the copying, use and distribution of the infringing version of the LFOW Software, and unless enjoined, Defendants will continue to infringe LFOW's copyright by reproducing, displaying, distributing and utilizing the infringing version of the LFOW software for purposes of trade in violation of 17 U.S.C. § 501 et seq.

43. The past and ongoing copying, use and distribution of the infringing version of the LFOW Software by Defendants results in actual damage to LFOW, including but not limited to the loss of licensing revenue lost as a result of Defendants' infringement.

44. Defendants' acts are and were performed without the permission, license or consent of LFOW.

45. Defendants have profited from and have a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allows Defendants to more effectively promote and sell their product(s) and/or service(s) on their own website(s) by capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or brand, public image and reputation of Defendants.

46. Because Defendants own, operate and/or control their website, Defendants also have the right and ability to supervise and control the infringement and infringer by virtue of their ownership and control of their own website, but failed to do so.

47. The wrongful acts of Defendants have caused, and are causing, great injury to LFOW, of which damages cannot be accurately computed, and unless this Court restrains the Defendants from further commission of said acts, LFOW will suffer irreparable injury, for which it is without an adequate remedy at law. Accordingly, LFOW seeks a declaration that Defendants are infringing LFOW's copyright and an order under 17 U.S.C. § 502 enjoining the Defendants from any further infringement of LFOW's copyright(s).

48. As a result of the acts of Defendants as alleged herein, LFOW has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

49. Irreparable harm and injury to LFOW are imminent as a result of Defendants' conduct and LFOW is without an adequate remedy at law.

50. Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendants, their employees and agents, and all other persons acting in concert with Defendants, from engaging in any further improper acts.

51. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

52. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendants, or, alternatively, to recover statutory damages of up to $150,000 for each work infringed.

53. Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Finding Defendants liable for copyright infringement by virtue of Defendants' past and ongoing unauthorized use of LFOW's Software;

2. Finding Defendants' copyright infringement to be voluntary and intentional violation of Defendants' known duties, and therefore willful;

3. Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

4. A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendants, their officers, agents, servants, employees, and all person in active concert or participation with them, from further infringement, including but not limited to the cessation of operation of Defendants' website(s)(s);

5. An award of damages against Defendants under §504;

6. An order requiring an accounting be made for all profits, income, receipts or

other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

7. Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

8. An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees and costs; and

9. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: June 29, 2016                    **NEXIO, PC**

By: _____
Angelo Mishriki
*Attorneys for Plaintiff,*
*Live Face on Web, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff Live Face On Web, LLC hereby demands trial by jury of all issues so triable under the law.

Dated:  June 29, 2016                                **NEXIO, PC**

By: _____
    Angelo Mishriki
    *Attorneys for Plaintiff,*
    *Live Face on Web, LLC*